IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS JONES, #405544                        *

Plaintiff                                      *

v                                              *       Civil Action No.  ELH-13-2643

TIMOTHY GROSS,                                 *
BALTIMORE CITY BOARD OF
  SCHOOL COMMISSIONERS,                        *

Defendants.                                    *
                                             ***

**MEMORANDUM**

Nicholas Jones, the self-represented plaintiff, is an inmate at Eastern Correctional

Institution in Westover, Maryland.  He filed suit on November 4, 2013, alleging that on October

3, 2010, he was subjected to police brutality and excessive force by Timothy Gross, a Baltimore

City School Police Officer, while at a Family Dollar store in Baltimore City.  (ECF 1 at 3, 4).

Defendants Timothy Gross and the Baltimore City Board of School Commissioners have filed a

second motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P.

12(b)(1).  (ECF 24).  Jones opposed the motion (ECF 26), and has filed a motion to amend his

suit.  (ECF 27).  Defendants filed a response thereto (ECF 28), and Jones filed a reply (ECF 29).

No hearing is necessary to resolve the motions.  Local Rule 105.6.  For the reasons that

follow, I will deny the motion to dismiss and will grant the motion to amend.

**BACKGROUND**

Jones claims that Gross shot him in the back on October 3, 2010, at a Family Dollar store

in Baltimore, while Jones was unarmed and running away.  (ECF 1).  He alleges that the incident

was not investigated properly.  (ECF 1 at 3).  As relief, plaintiff requests payment of his hospital

bills and damages for his pain and suffering. (ECF 1 at 3, 4).

The court takes notice that, as a result of the October 3, 2010 incident, Jones was arrested, charged, and pleaded guilty in the Circuit Court for Baltimore City to armed robbery and use of a handgun in the commission of a crime.[1]

As initially filed, the complaint named as a defendant the Baltimore City School Police, which is not a legal entity.  (ECF 1).  On January 6, 2014, defendants, through counsel, filed a motion to dismiss for lack of subject matter jurisdiction and for improper service.  (ECF 11).  On January 28, 2014, the court granted the motion to dismiss as to the Baltimore City School Police, directed the clerk to amend the docket to substitute the Baltimore City Board of School Commissioners as a defendant, directed counsel to provide the last known home or business address for Timothy Gross, and directed the clerk to effectuate service on the Baltimore City Board of School Commissioners and Timothy Gross.  (ECF 17).

Service was obtained on Tammy Turner, Resident Agent for the Baltimore City Board of School Commissioners, on January 31, 2014.  On February 5, 2014, service was obtained on Gross.  On February 19, 2014, defendants filed the instant motion to dismiss for lack of subject matter jurisdiction.  (ECF 24).  Jones filed his opposition on March 7, 2014.  (ECF 28).

On April 25, 2014, Jones filed a motion to amend to add his medical and psychological records in support of the complaint.  Defendants oppose the motion to amend as ambiguous and untimely and note that Jones did not secure their consent as required by F.R.C.P. 15(a).  Jones

---

[1] The Maryland Judiciary case search website shows Jones pleaded guilty in the Circuit Court for Baltimore City on June 28, 2012, to armed robbery and use of a handgun in the commission of a crime, criminal case number 110320003, based on the October 3, 2010 incident. As to the armed robbery charge, Jones was sentenced to 20 years incarceration, of which ten years were suspended.  He was also sentenced to a concurrent term of ten years of incarceration on the handgun offense.  *See* Maryland Judiciary Case Search, available at http://casesearch.courts.state.md.us.

has filed a reply in response.  (ECF 29).

## DISCUSSION

### A.  Motion to Dismiss

Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Generally, whether any of a plaintiff's claims "arise under" federal law is determined by application of the well-pleaded complaint rule.  *Ali v. Giant Food LLC/Stop & Shop Supermarket Co*., 595 F.Supp.2d 618, 621 (D.Md. 2009) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)).  According to the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987).[2]

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1).  Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'"  *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.30[1] (3d ed.1998)).  The plaintiff bears the burden of proving that subject matter jurisdiction exists in federal court.  *See Evans v. B.F. Perkins Co*., 166 F.3d 642, 647 (4th Cir. 1999).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction; or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'"  *Kerns v. United States*, 585 F.3d 187,

---

[2] Subject matter jurisdiction may also be based on diversity of citizenship.  *See* 28 U.S.C. § 1332.  This is not a diversity case, however.

192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).  In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.  In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).  *See also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009) ("Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may . . . resolve the jurisdictional facts in dispute by considering evidence . . . such as affidavits.") (citation omitted); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

"When, as here, a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." *Vuyyuru*, 555 F.3d at 347.  The court may "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *accord Kerns*, 585 F.3d at 192.  In this case, a hearing does not appear necessary.  But, such a motion should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.  Moreover, the court is mindful that Jones is a self-represented litigant whose filings must be held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551

U.S. 89, 94, 2007) (internal quotations and citations omitted).

Defendants aver that Jones's complaint is not properly pleaded because it does not identify any "federal statutes that were allegedly violated and the mere possibility that Plaintiff could contrive a federal claim does not rise to the level necessary." (ECF 24 at 4). They contend that the complaint fails to assert any claim beyond a possible state tort action. *Id.* In his reply, Jones states: "The only reason I did not put in the initial complaint form which of my amendments was violated was because it was not asked." (ECF 26 at 2-3).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a "person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Here, Jones is alleging that, incident to his arrest, a Baltimore City School Police Officer shot him in the back while Jones was unarmed and fleeing. Defendants do not deny that Officer Gross, a Baltimore City School Police Officer, was a State actor at the relevant time or that he shot Jones. Further, they offer no explanation as to why Jones, an alleged Baltimore City School Police Officer, was in the Dollar Store at the time of the incident.

In light of plaintiff's allegations, which are liberally construed, Jones has sufficiently alleged a civil rights violation pursuant to 28 U.S.C. § 1983, based upon the use of excessive force incident to his arrest, in violation of the Fourth Amendment. This, in turn, confers subject matter jurisdiction on this court. To hold otherwise would permit form to trump substance and deprive the self-represented plaintiff of his right to litigate a potentially meritorious claim. Accordingly, the court will deny the motion to dismiss and grant defendants thirty days to answer the complaint or file other responsive pleadings with affidavits and verified exhibits.

**Motion to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides the standard for whether

to grant a motion for leave to amend where a plaintiff files such a motion more than twenty-one

days after defendants file a responsive pleading or motion to dismiss, as is the case here.  *See*

Fed.R.Civ.P. 15(a)(2).  "[A] party may amend its pleading only with the opposing party's written

consent or the court's leave.  The court should freely give leave when justice so requires."  Fed.

R. Civ. P. 15(a)(2).

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court explained

that, "in the absence of any apparent or declared reason ... the leave sought should, as the rules

require, be 'freely given.'"  The United States Court of Appeals for the Fourth Circuit has

"interpreted [Rule] 15(a) to provide that 'leave to amend a pleading should be denied only when

the amendment would be prejudicial to the opposing party, there has been bad faith on the part of

the moving party, or the amendment would have been futile.'"  *Laber v. Harvey*, 438 F.3d 404,

426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986)).

Jones's request to amend the complaint to add five pages of his medical and

psychological records (ECF 27, attachment) will be granted, as defendants show no evidence that

Jones is acting in bad faith or that they will suffer prejudice if the amendment is granted.

## CONCLUSION

For these reasons, defendants' motion to dismiss will be denied and plaintiff's motion to

amend will be granted.  A separate Order follows.


August 6, 2014                                              /s/
Date                                                   Ellen Lipton Hollander
                                                       United States District Judge