IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Nicholas Jones, | * | |
| Plaintiff | * | Case No. ELH-13-2643 |
| v. | * | |
| Timothy Gross and Baltimore City Board of School Commissioners, | * | **WITH DEMAND FOR JURY TRIAL** |
| | * | |
| Defendants | | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### PARTIES

1. Plaintiff, Nicholas Lee Jones, is an individual and citizen of the State of Maryland, and currently has an address of 30420 Revells Neck Road, Westover, Maryland 21890.

2. Defendant Timothy Gross is an individual and citizen of the State of Maryland.

3. Defendant Baltimore City Board of School Commissioners is a public entity charged with the legal obligation, among other things, to maintain, control, and supervise the Baltimore City School Police.

### JURISDICTION

4. The Court has jurisdiction over this lawsuit because the suit arises under 42 U.S.C. § 1983.

### VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside in this district and pursuant to 28 U.S.C. § 1391(b)(2) because all or a

1

substantial part of the events or omissions giving rise to the claims herein occurred in this district.

**CONDITIONS PRECEDENT**

6. All conditions precedent have been performed or have occurred.

**FACTS**

7. On October 3, 2010, plaintiff suffered significant physical injuries when Defendant Timothy Gross, then a police officer with the Baltimore City Public Schools, shot Plaintiff in the back as Plaintiff was fleeing and while Plaintiff was unarmed and posed no risk to Defendant Timothy Gross or anyone else.

8. The incident took place outside of a Family Dollar store located at 2020 Harford Road in Baltimore, Maryland.

9. Plaintiff was seized by Defendant Timothy Gross, who was acting in the course and scope of his employment as Police Officer for the Defendant Baltimore City Board of School Commissioners, when Officer Gross shot the Plaintiff. Specifically, Defendant Timothy Gross shot Plaintiff in the back, despite the fact that Plaintiff was unarmed and fleeing.

10. At the time he shot the Plaintiff, Defendant Timothy Gross was a significant distance from the Plaintiff, as Plaintiff was running away from the Defendant in a Northeasterly direction along the sidewalk adjacent to Harford Road. Plaintiff was in way threatening to harm Defendant Timothy Gross at the time of the shooting.

11. Defendant Timothy Gross used unreasonable, unnecessary, and excessive force during his seizure of the Plaintiff and when he shot Plaintiff. The amount of force used by Defendant Timothy Gross was unreasonable in light of the fact that Plaintiff was fleeing and

2

the fact that Plaintiff posed no harm or potential harm to Plaintiff Timothy Gross or anyone else at the time Defendant Timothy Gross shot the Plaintiff in the back.

12. The unreasonable, unnecessary, and excessive force used by Defendant Timothy Gross caused Plaintiff's injuries, including but not limited to significant medical, psychological and related injuries.

13. Plaintiff suffered substantial and material injuries.

14. At the time of the seizure and shooting of the Plaintiff, Defendant Timothy Gross was acting under color of the laws and regulations of the State of Maryland and the Baltimore City Board of School Commissioners.

15. The Baltimore City Board of School Commissioners had a policy or custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals and Defendant Baltimore City Board of School Commissioners encouraged the misconduct alleged in this Complaint by failing to properly investigate the incident that gives rise to this Complaint, by tolerating the misconduct of its officer, and by failing to properly supervise, discipline and train Defendant Timothy Gross.

### COUNT 1 – 42 U.S.C. §1983: EXCESSIVE-FORCE CLAIM
### AGAINST DEFENDANT TIMOTHY GROSS IN HIS INDIVIDUAL CAPACITY

16. Defendant Timothy Gross's use of unreasonable, unnecessary, and excessive force violated Plaintiff's clearly established constitutional rights and was not objectively reasonable in light of the circumstances. Defendant Timothy Gross violated Plaintiff's Fourth Amendment Rights because his use of force, and the force he used, was unreasonable in light of the circumstances as described above.

17. Defendant Timothy Gross acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's established constitutional rights

### COUNT 2 – 42 U.S.C. §1983: *MONELL* LIABILITY CLAIM AGAINST BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS

18. Baltimore City Board of School Commissioners' policy or custom enabled its agents and employees to act with deliberate indifference to Plaintiff's constitutional rights. Defendant Baltimore City Board of School Commissioners encouraged the misconduct alleged in this Complaint by failing to properly investigate the incident that gives rise to this Complaint, by tolerating the misconduct of its officer, and by failing to properly supervise, discipline and train Defendant Timothy Gross

### DAMAGES

19. As a direct and proximate result of the Defendants' actions, Plaintiff suffered the following injuries and damages.

    a. Medical expenses in the past and future.

    b. Mental anguish in the past and future.

    c. Disfigurement in the past and future.

    d. Physical impairment in the past and future.

    e. Loss of earning capacity.

    f. Physical pain and suffering.

### ATTORNEY FEES

20. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

### PRAYER/REQUEST FOR RELIEF

21. For these reasons, plaintiff asks for judgment against defendant for the following:

    a. For general, special and compensatory damages under federal and state law;

4

b. For punitive damages against Defendant Timothy Gross to be determined at trial;

c. For reasonable attorney fees as allowed by law, including but not limited 42 U.S.C. §§ 1983 – 1988;

d. For pre-judgment and post-judgment interest;

e. For costs of suit; and

f. And for all and such other relief the Court deems just and appropriate.

Respectfully Submitted,

/s/
Christopher T. Longmore, #25285
Dugan, McKissick & Longmore, LLC
22738 Maple Road, Suite 101
Lexington Park, Maryland 20653
(301) 862-3764
(301) 862-3789 (fax)
chris@paxlawyers.com
Attorney for Plaintiff

**PRAYER FOR JURY**

Plaintiff requests a jury trial on all causes of action.

/s/
Christopher T. Longmore
Attorney for Plaintiff